IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC WIEST,                          *

    Plaintiff,                     *

    v.                             *          Civil Case No. 1:18-cv-03427-JMC

DELAWARE VALLEY WHOLESALE            *
FLORIST, INC.
                                     *
    Defendants.
                                     *

      *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

    Plaintiff Eric Wiest brings this action seeking overtime benefits under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*, against Defendant Delaware Valley Floral Group, Inc.[1]  Pursuant to Standing Order 2018-4 and 28 U.S.C. § 636(c), the case was assigned directly to a magistrate judge and the parties consented to proceed before that magistrate judge.  (ECF No. 13).  Now pending before the Court is Defendant's Motion to Dismiss and/or for Summary Judgement.  (ECF No. 14).  The Court has reviewed all the filings and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  For the reasons that follow, Defendant's Motion is DENIED.

## I.  BACKGROUND

    Defendant is a wholesale flower and floral supply corporation formed under the laws of New Jersey and operating out of a headquarters in Sewell, New Jersey.  (ECF No. 1 at 2).  Defendant's business involves the import and delivery of flowers across the United States.  (ECF No. 14-1 at 2).  From May of 2002 to April 30, 2018, Plaintiff worked for Defendant as a delivery

---

[1] Misnamed in the Complaint as Delaware Valley Wholesale Florist, Inc.  (*See* ECF No. 1).

driver transporting product from a distribution center in Jessup, Maryland to various locations throughout the western panhandle of Maryland.  (ECF Nos. 1 and 14-1).  Plaintiff filed suit with this Court on November 6, 2018 alleging that Defendant has failed to properly compensate Plaintiff for overtime as mandated by the FLSA.  (EFC No. 1 at 4-5).  Defendant now moves to dismiss the claim or, alternatively, for summary judgment.  (ECF No. 14).

## II.  STANDARD OF REVIEW

When a defendant seeks dismissal or, in the alternative, summary judgment, the Court may use its discretion, under Rule 12(d), to determine whether to consider matters outside the pleadings. *See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty*., 788 F.Supp.2d 431, 436–37 (D. Md. 2011), *aff'd sub nom.*, 684 F.3d 462 (4th Cir. 2012).  Pursuant to Rule 12(d), "[w]hen matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(d)).  Here, both parties supply and reference matters outside of the pleadings and therefore the Court will review the motion as one for summary judgment.

Rule 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden "to demonstrate the absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted).  A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003).  The court is "required

to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must do so while also balancing the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993).

## III.  DISCUSSION

Defendant primarily argues that summary judgment is appropriate because Plaintiff was exempt from the FLSA overtime mandates under the Motor Carrier Act. (ECF No. 14-1 at 4).  The FLSA generally "requires employers to pay employees one-and-a-half times their regular pay rate for time worked in excess of 40 hours during a week." *Hill v. B. Frank Joy, LLC*, CV TDC-15-1120, 2016 WL 4194189, at *2 (D. Md. Aug. 9, 2016).  There are, however, exceptions. *Id.*  One such exception is the Motor Carrier Act exception which applies to "any employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]" *Id.* (quoting 29 U.S.C. § 213(b)(1)).  Under 49 U.S.C. § 31502, "the Secretary of Transportation's authority to set qualifications and maximum hours extends to employees of 'motor carriers' and 'motor private carriers' operating in interstate commerce whose work affects the safety of operation of those carriers." *Id.* at *3 (citing 49 U.S.C. § 31502(b)).

The Defendant has met its burden in establishing that there is no dispute over whether the Motor Carrier Act exception applies.  First, neither party dispute's Defendant's status as a motor private carrier.  (*See* ECF Nos. 14-1 at 5-6, 17 at 4-5).  Second, neither party disputes that the operation constituted interstate commerce.  (*See Id.*); *see also Buckner v. United Parcel Serv., Inc.*, 2012 WL 1596726 at *5 (E.D.N.C. May 7, 2012), *aff'd*, 489 Fed. Appx. 709 (4th Cir. 2012)

(finding that intrastate commerce within a larger interstate operation satisfies the interstate requirement under the Motor Carrier Act exception). And lastly, neither party disputes that the Plaintiff's work affects the safe operation of the carriers. (*See* ECF Nos. 14-1 at 6-7, 17 at 4-5); s*ee also Levinson v. Spector Motor Serv.*, 330 U.S. 649, 678 (1947) (A "driver's work more obviously and dramatically affects the safety of operation of the carrier during every moment that he is driving . . . .").

But our analysis does not end here because there is an exception to the Motor Carrier Act exception. The SAFTEA-LU Technical Corrections Act of 2008 ("Technical Corrections Act"), Pub. L. 110-244 § 306, 122 Stat. 1572, 1620 (2008), "relaxed the strict separation between the Secretary of Transportation's jurisdiction and the ambit of the Fair Labor Standards Act overtime guarantee by establishing that the FLSA overtime pay requirement applies to any covered employee." *Hill*, 2016 WL 4194189, at *3 (internal citations omitted). A "covered employee" is defined as an individual:

> (1) who is employed by a motor carrier or motor private carrier . . .;
> (2) whose work, in whole or in part, is defined —
>> (A) as that of a driver, driver's helper, loader, or mechanic; and
>> (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce . . . ; and
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

*Id.* (citing Technical Corrections Act § 306(c)). The criteria largely mirrors that of the Motor Carrier Act exemption (which applies in this case), but with one important addition: employees operating vehicles weighing 10,000 pounds or less no longer fall under the Motor Carrier Act exception. *Id.* at *4.

Defendant argues that Plaintiff is not a "covered employee" as defined by the Technical Corrections Act and therefore falls under the Motor Carrier Act exception to the FLSA. (ECF No. 14-1). Defendant asserts that "the trucks that Plaintiff drove, both regularly and occasionally, weighed at least 10,001 pounds" and cites to the attached declaration of Jenny Basis, Defendant's Vice President of Human Resources, which affirms that "Plaintiff most often drove a Hino 16-foot box truck, which has a gross vehicle weight ("GVW") of at least 10,001 pounds[]" and that "[o]ccasionally, Plaintiff drove various Mitsubishi 16-foot box trucks, which are also over 10,000 GVW." (ECF No. 14-1 at 10).

Plaintiff advances a few grounds in opposition, but primarily argues that the Technical Corrections Act does apply because, counter to Defendant's assertions, Plaintiff regularly drove a vehicle weighing less than 10,000 pounds. (ECF No 17). Plaintiff asserts that at least 80% of driving duties were completed in a Ford E350 truck weighing less than 10,000 pounds. (*Id.* at 6). Plaintiff's supporting Declaration states the above as well as affirms to an anecdote where "a member of a Maryland Weigh Station (located in or around Upper Marlboro, Maryland) stated to me that the Ford E350 Truck did not have to stop at the Weigh Station because it was less than 10,000 pounds." (ECF No. 17-1). Furthermore, Plaintiff supplies photographs affirmed to be those of the Ford E350 Truck regularly used that depict a label limiting the Ford E350 Truck's gross vehicle weight rating ("GVWR") to 9,900 pounds. (ECF No 17-13 at 3, 4, and 8). Defendant did not challenge the authenticity of Plaintiff's declaration or photographs.

Considering the above, and lack of discovery, the Court finds that the Defendant failed to demonstrate the absence of any genuine dispute of material fact at this stage. Plaintiff sufficiently set forth enough information to show a genuine dispute as to the applicability of the Motor Carrier Act exception and the Technical Corrections Act. Therefore, summary judgment is currently

inappropriate.  This ruling is without prejudice to Defendant raising these arguments again as discovery unfolds.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and/or for Summary Judgement (ECF No. 14) is DENIED.  A separate Order shall follow.

Dated: February 6, 2019 _____/s/_____
J. Mark Coulson
United States Magistrate Judge